UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

EASA SHADEH,

    Plaintiff,

V.

GLENN BUICK-GMC TRUCKS, LLC,

    Defendant.

CIVIL ACTION NO. 5:14-190-KKC

**OPINION AND ORDER**

\*\*\* \*\*\* \*\*\*

This matter is before the Court on plaintiff's motion to strike defendant's affirmative defenses. (DE 12). Plaintiff Easa Shadeh moved to strike all of Defendant Glenn Buick-GMC Trucks LLC's ("Glenn Buick") affirmative defenses except the ninth defense. Glenn Buick objected to Shadeh's motion to strike, asserting, *inter alia*, that Glenn Buick's defenses were proper and addressed the issues in controversy. (DE 15). Because some of Glenn Buick's affirmative defenses are insufficient as a matter of law, the Court will grant Shadeh's motion in part and strike the defenses from Glenn Buick's Answer pursuant to Rule 12(f) but deny Shadeh's motion in part and not strike the defenses that are not insufficient as a matter of law.

I.

Shadeh filed a complaint against his former employer, Glenn Buick, alleging discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and 42 U.S.C. § 1981. (DE 1). In his complaint, Shadeh alleges that Glenn Buick employees regularly subjected Shadeh to offensive ethnic jokes and ethnic-based nicknames. He further alleges that Glenn Buick managers vocalized their acceptance of

these comments, and that a Glenn Buick manager came to work dressed as a terrorist—wearing a "turban," fake bomb vest, and backpack similar to the Boston Marathon Bomber—and "pretended to make bombs near a prayer rug by his GMC work desk." (DE 1 ¶ 15.d). On June 4, 2014, Glenn Buick answered Shadeh's Complaint and admitted some allegations, denied other allegations, and asserted a number of affirmative defenses. (DE 4). Shadeh now seeks to strike twelve of the thirteen defenses.

## II.

### A. Legal Standard

Federal Rule of Civil Procedure 12(f) enables a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The Sixth Circuit has long held that "the action of striking a pleading should be sparingly used by the courts [because i]t is a drastic remedy to be resorted to only when required for the purposes of justice [and] granted only when the pleading to be striken (*sic*) has no possible relation to the controversy." *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953). Rule 12, however, expressly permits striking defenses that are insufficient as a matter of law. Fed. R. Civ. P. 12(f); *see also Williams v. Jader Fuel Co., Inc.*, 944 F.2d 1388, 1400 (7th Cir. 1991); *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057–58 (5th Cir. 1982); *Fed. Deposit Ins. Corp. v. Butcher*, 660 F. Supp. 1274, 1277 (E.D. Tenn. 1987). "Motions to strike are not favored and will not be granted unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense." *Williams*, 944 F.2d at 1400 (internal quotation marks and citations omitted). Although motions to strike are not favored, these motions serve to streamline the litigation

by dispensing with spurious issues. *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010); *Kennedy v. City of Cleveland*, 797 F.2d 297, 305 (6th Cir. 1986).

**B. Defenses**[1]

*1. The First Defense will not be stricken.*

Glenn Buick's First Defense states that "[t]he Plaintiff's Complaint fails to state a cause of action against this Defendant upon which relief may be granted, and therefore the Complaint should be dismissed." (DE 4 at 1). Shadeh asserts that failure to state a claim is not an affirmative defense; however, Glenn Buick never declares that the first defense is an affirmative defense and Rule 12(h) explicitly states that a defendant may assert that the plaintiff failed to state a claim in a Rule 7(a) pleading, including the defendant's answer. Fed. R. Civ. P. 12(h)(2)(a). Accordingly, Glenn Buick's First Defense is not insufficient as a matter of law and the Court will not strike this defense.

*2. The Second and Thirteenth Defenses will not be stricken.*

The Second and Thirteenth Defenses both address whether Shadeh satisfied various procedural hurdles. In support of the Second Defense, Glenn Buick states that Shadeh did not issue a summons at the time he filed his Complaint. Similarly, the Thirteenth Defense asserts insufficiency of process and insufficiency of service of process. Because both defenses require a determination of disputed, material facts, the Court will not strike these defenses. *See, e.g.*, *United States v. Coney*, 689 F.3d 365, 379 (5th Cir. 2012) (affirming a district court's denial to strike material, factual matters); *Mapp v. Bd. of Ed. Of City of Chattanooga, Tenn.*, 319 F.2d 571, 576 (6th Cir. 1963) (finding it appropriate to strike matters not in factual dispute and not material to the action); *Augustus v. Bd. of Pub.*

---

[1] Shadeh refers to all of Glenn Buick's Defenses as affirmative defenses. The Court, however, will evaluate the substance of each defense to determine whether the defense is, in fact, an affirmative defense and whether the defense is sufficient as a matter of law. The Court does not rely on party-designated labels.

*Instruction of Escambia Cnty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962) ("A disputed question of fact cannot be decided on motion to strike.").

*3. The Third Defense will not be stricken.*

Glenn Buick's Third Defense contains a series of admissions and denials. Shadeh objects to the form of the defense without stating substantive grounds. An objection to the form of a defense—not its underlying substance—is not grounds to strike the defense. *See Brown & Williamson Tobacco Corp.*, 201 F.2d at 822. Thus, the Court will not strike the Third Defense.

*4. The Fourth Defense will be stricken.*

The Fourth Defense asserts that Glenn Buick cannot be held liable because Shadeh did not report or utilize the Equal Employment Opportunity process. The Fourth Defense relies on *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998) and *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742 (1998). Both cases hold that a plaintiff alleging discrimination and/or retaliation must take advantage of the Equal Employment Opportunity process but expressly exclude instances when a "tangible employment action is taken." *Faragher*, 524 U.S. at 807–08; *Ellerth*, 524 U.S. at 765. Therefore, if an employer takes a tangible employment action against an employee, the employer cannot use *Faragher* or *Ellerth* as an affirmative defense.

Here, it is uncontested that Shadeh is no longer employed at Glenn Buick. (DE 1 ¶ 4; DE 4 at 1). The only issue in controversy is *why* Shadeh is no longer employed. Both parties acknowledge that a tangible employment action occurred. Therefore, the Fourth Defense is insufficient as a matter of law because Glenn Buick's tangible employment action excused Shadeh from seeking relief through the Equal Employment Opportunity process. The Court will strike the Fourth Defense. *See Williams*, 944 F.2d at 1400.

*5. The Fifth and Sixth Defenses will be stricken.*

Glenn Buick's Fifth and Sixth Defenses attempt to assert "all affirmative defenses" pursuant to Title VII and § 1981. But neither Title VII nor § 1981 articulate affirmative defenses. Further, affirmative defenses must be pleaded with enough sufficiency to give a plaintiff fair notice of the nature of the defense. *Lawrence v. Chabot*, 182 F. App'x 442, 456 (6th Cir. 2006). A blanket reservation of all potential affirmative defenses, without *any* reference to the substance of the defense, does not satisfy that standard. *See, e.g.*, *United States ex rel. Robinson-Hill v. Nurses' Registry & Home Health Corp.*, No. 5:08-145-KKC, 2013 WL 1187000, at *3 (E.D. Ky. Mar. 20, 2013) (striking a similar boilerplate affirmative defense); *Paducah River Painting, Inc. v. McNational Inc.*, No. 5:11-CV-135-R, 2011 WL 5525938, at *5 (W.D. Ky. Nov. 14, 2011) (same); *Nixson v. The Health Alliance*, No. 1:10-CV-338, 2010 WL 5230867, at *3 (S.D. Ohio Dec. 16, 2010) (same). Accordingly, the Court will strike the Fifth and Sixth Defenses.

*6. The Seventh Defense will be stricken.*

The Seventh Defense states that "Plaintiff's Complaint is *barred* due to his failure to name an indispensible (*sic*) party." (DE 4 at 3) (emphasis added). Glenn Buick does not identify the party that Shadeh has failed to name, and Shadeh's Complaint expressly names Glenn Buick—Shadeh's former employer—as a defendant. Title VII only contemplates suits against former employers and does not require a plaintiff name any defendants other than the plaintiff's former employer. *See* 42 U.S.C. § 2000e-2 (imputing unlawful employment practices to acts by the employer); 42 U.S.C. § 2000e-3 (same for other unlawful employment practices); 42 U.S.C. § 2000e-5(g) (describing the forms of relief available and all forms of relief are provided by the employer). Thus, the Seventh Defense is insufficient as a matter of law because it is certain that Shadeh will succeed whether or not

5

there are other defendants that Shadeh could have named in this action, and the Court will strike the Seventh Defense. *See Williams*, 944 F.2d at 1400.

*7. The Eighth Defense will not be stricken.*

Glenn Buick's Eighth Defense states that all decisions were made in good faith and based on legitimate business considerations. Shadeh asserts that this defense is too conclusory and contains insufficient boilerplate language. But the Court construes this defense as a denial of liability, and Glenn Buick's actions are central to this controversy. *See Brown & Williamson Tobacco Corp.*, 201 F.2d at 822. Accordingly, the Court will not strike the Eighth Defense.

*8. The Tenth and Eleventh Defenses and Glenn Buick's prayer for relief will not be stricken.*

The Tenth Defense asserts that "Plaintiff's claim for punitive damages is barred as a violation of this Defendant's rights pursuant to the Fourth, Fifth, Sixth and Fourteenth Amendments and Article I, Section 9 to the United States Constitution." (DE 4 at 4). Shadeh argues that punitive damages are expressly recognized as permissible relief. Glenn Buick contested whether punitive damages would be available given the specific facts alleged.

The Eleventh Defense alleges discriminatory conduct *by* Shadeh to other Glenn Buick employees. Shadeh contends that "neither Title VII nor Section 1981 permit or forgive an employer for discrimination or retaliation against an employee in response to that employee's alleged discrimination." (DE 12 at 14). Glenn Buicks asserts that Shadeh's own discriminatory behavior would prevent Shadeh from establishing a harassing work environment.

Glenn Buick's prayer for relief seeks dismissal and demands costs from Shadeh. Shadeh argues that an affirmative defense is not the correct avenue for pursuing reimbursement of

costs, but Glenn Buick states that Local Rule 54.3 expressly contemplates the prevailing party filing a Bill of Costs with the clerk

Because the issues of punitive damages, discriminatory conduct, and costs are directly related to the controversy, are contested by the parties, and may require additional factual and legal development, the Court will not strike these defenses or the prayer for relief. *See Williams*, 944 F.2d at 1400; *Brown & Williamson Tobacco Corp.*, 201 F.2d at 822; *see also Ring v. Bd. of Educ. Cmty. Sch. Dist. No. 60*, No. 03-C-7397, 2004 WL 1687009, at *5 (N.D. Ill. July 27, 2004) (noting that close issues or issues requiring additional development should be addressed at summary judgment).

*9. The Twelfth Defense will be stricken.*

The Twelfth Defense asserts that Shadeh's status as an at-will employee operates as a complete or partial bar for the action. But the Title VII defines "employee" to encompass at-will employees. *See* 42 U.S.C. 2000e(f). Consequently, the Twelfth Defense is insufficient as a matter of law because it is certain that Shadeh will succeed despite any state of the facts concerning his employment designation, and the Court will strike the Twelfth Defense. *See Williams*, 944 F.2d at 1400.

*** *** ***

As a result of this Opinion and Order, the remaining defenses are as follows: (1) the First Defense; (2) the Second Defense; (3) the Third Defense; (4) the Eighth Defense; (5) the Ninth Defense; (6) the Tenth Defense; (7) the Eleventh Defense; (8) the Thirteenth Defense; and (9) the Defendant's prayer for relief.

### III.

Accordingly, **IT IS HEREBY ORDERED** as follows:

1. The plaintiff's motion to strike (DE 12) will be **GRANTED IN PART** and **DENIED IN PART**; and

2. The following defenses are hereby **STRICKEN** from Defendant's Answer (DE 4):

    (a) The Fourth Defense;

    (b) The Fifth Defense;

    (c) The Sixth Defense;

    (d) The Seventh Defense; and

    (e) The Twelfth Defense.

3. The motion is otherwise **DENIED**.

Dated this 9th day of December, 2014.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY